IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

10 MAR 19 PM 4:44

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| ROCHE DIAGNOSTICS CORPORATION, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 1:10-cv-0336 RLY-TAB |
| GABRIELLE O'SHEA, | ) |
| Defendant. | ) |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, Roche Diagnostics Corporation ("Roche"), by counsel, and for its Complaint for Injunctive Relief and Damages against Defendant, Gabrielle O'Shea ("O'Shea"), alleges and states as follows:

### Nature of the Action

1. This is an action for injunctive relief and damages relating to a non-compete agreement and trade secrets.

### Parties, Jurisdiction, and Venue

2. Roche is incorporated and has its principal place of business in the State of Indiana.

3. O'Shea is a citizen of the State of Arkansas. As more fully set forth below, O'Shea formerly was employed by Roche and entered into a Confidentiality and Non-Compete Agreement with Roche (the "Agreement"). A copy of the Agreement is attached hereto as Exhibit A.

4. O'Shea has subjected herself to personal jurisdiction in the State of Indiana for purposes of the present lawsuit by her intentional contacts with and within Indiana, including, but not limited to, entering into employment and contractual relationships with Roche, and performing duties and services by virtue of that relationship in Indiana.

5. O'Shea also has subjected herself to personal jurisdiction in the State of Indiana by express operation of the Agreement, which provides, in pertinent part that "Employee [O'Shea] specifically consents to personal jurisdiction in the State of Indiana." [Exhibit A, ¶ 14].

6. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as this action is between citizens of different States and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

7. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, and/or because a substantial part of the property at issue, including the Roche confidential information at issue, has this District as its situs. Venue also is appropriate in this District pursuant to the terms of Agreement, which provides, in pertinent part that "[t]he parties agree that any claim or dispute related to this Agreement must be maintained only in a court sitting in Marion County, Indiana, or, if a federal court, the Southern District of Indiana, Indianapolis Division." [Exhibit A, ¶ 14].

## Facts Common to All Counts

8. Roche adopts and incorporates Paragraphs 1-7 as though fully set forth herein.

9. Roche is a leading diagnostics company that develops and provides a broad range of innovative diagnostics products and services addressing the prevention, diagnosis and treatment of diseases, throughout the United States and the world.

10. O'Shea was employed by Roche as an account manager, and was assigned to a territory encompassing Roche accounts in Arkansas, Missouri, and Texas (hereafter referred to as the "Territory").

11. During her employment with Roche, O'Shea was well compensated.

12. As an account manager, O'Shea held a position of trust and confidence with Roche.

13. During her employment with Roche, O'Shea was responsible for sales, customer service and distribution relationship management relating to Roche's current and prospective accounts in the Territory. O'Shea also worked directly with Roche business, operations, and development personnel in the marketing and sale of its products and services to current and prospective accounts in the Territory.

14. During her employment with Roche, O'Shea was privy to and had ample access to Roche's trade secrets and Roche's confidential and proprietary business information, in which Roche has invested great expense and effort and which are not available from public sources. This information included, but is not limited to: the identity of Roche's accounts, the development of prospective accounts, specific product requirements of Roche's accounts, pricing

arrangement and payment terms, Roche's product formulas and quality control parameters, information related to developmental and experimental work in process, and other confidential and proprietary information related to Roche's products, Roche's sales and marketing plans, strategic plans, product launch plans, techniques, competitive tactics, sales and distribution networks, research and development strategies, and research and development goals.

15. O'Shea's access to and detailed knowledge of Roche's current and prospective accounts, its trade secrets, and its confidential business strategies and plans gives her crucial information about Roche's current and future business plans and the products and strategies that it will be implementing, developing, marketing and selling over the coming months and years.

16. During her employment with Roche, O'Shea had access to and worked with more than two hundred Roche accounts in the Territory.

17. During the last two years of her employment with Roche, O'Shea was responsible for selling Roche IDTF services and/or products to Roche accounts in the Territory.

18. As a condition of her employment or continued employment with Roche, O'Shea entered into the Agreement on or about September 21, 2004. [Exhibit A].

19. By virtue of the Agreement, O'Shea agreed not to use or disclose Roche's confidential, proprietary or trade secret information.

20. By virtue of the Agreement, O'Shea agreed to immediately return Roche's confidential, proprietary or trade secret information upon the separation of her employment.

21. By virtue of the Agreement, O'Shea agreed not to compete or prepare to compete with Roche during the time she was still employed by Roche.

22. By virtue of the Agreement, O'Shea agreed not to directly or indirectly compete with Roche for six (6) months after the termination of her employment.

23. By virtue of the Agreement, O'Shea agreed that for a period of two (2) years after termination, she would not, either alone or in conjunction with any other person or entity, seek to pirate away any Roche employee.

24. By virtue of the Agreement, O'Shea agreed that Roche was entitled to the full six (6) month period of non-competition, and, as such, that the non-compete obligations would be extended by any period of non-compliance.

25. By virtue of the Agreement, O'Shea agreed that Roche was entitled to immediate injunctive relief as a remedy for O'Shea's breach or threatened breach of the Agreement.

26. By virtue of the Agreement, O'Shea agreed that Roche was entitled to recover its attorney's fees incurred by Roche in enforcing the Agreement.

27. O'Shea's employment with Roche terminated on November 9, 2009.

28. In February 2010, Roche learned that O'Shea had entered into an employment relationship with QAS/Tapestry Medical, Inc. ("Tapestry").

29. Tapestry is a direct competitor of Roche in the IDTF market.

30. When O'Shea left Roche and commenced employment with Tapestry, she retained numerous confidential, proprietary and trade secret information of Roche.

31. After her employment with Roche ended and she began her employment relationship with Tapestry, O'Shea began calling on Roche accounts and prospective accounts in the Territory, in violation of the terms of the Agreement.

32. Roche has advised O'Shea in writing that it expects her to comply with the terms of the Agreement and has cautioned her against breaching the Agreement or divulging Roche's trade secrets. O'Shea has not responded to this request.

33. Roche also has advised Tapestry in writing that it expects O'Shea to comply with the terms of the Agreement, and cautioned it not to interfere with the terms of the Agreement. Tapestry responded, but did not deny that O'Shea was calling on Roche customers in the Territory, and merely stated that it would respect the provisions of the agreement "that were enforceable under applicable law."

34. Roche continues to receive information that O'Shea is calling on Roche accounts in the Territory, in violation of the terms of the Agreement.

35. Subject to a reasonable opportunity for further investigation and discovery, during employment with Roche, while in the course and performance of duties for Roche, and/or at Roche's expense, O'Shea breached the Agreement and/or her fiduciary duties to Roche by, among other things, undertaking actions to prepare to solicit or contact Roche's customers for the purpose of competing against Roche and/or otherwise preparing to compete with Roche.

36. Subject to a reasonable opportunity for further investigation and discovery, after the termination of her employment with Roche, O'Shea has violated and continues to violate the Agreement by, among other things, engaging in prohibited competition with Roche, soliciting

Roche's customers via direct contact and/or other methods, and otherwise using or divulging Roche's confidential, proprietary, and/or trade secret information.

37.     Subject to a reasonable opportunity for further investigation and discovery, it would be impossible for O'Shea to perform services for competitor Tapestry as a sales representative or similar capacity without using or disclosing Roche's confidential, proprietary and/or trade secret information.

38.     Subject to a reasonable opportunity for further investigation and discovery, it is inevitable that O'Shea will use or disclose Roche's trade secrets by virtue of her sales representative position or similar capacity for competitor Tapestry.

39.     Roche has suffered, or will suffer, irreparable harm and will otherwise suffer damages as a result of O'Shea's actions.

40.     Roche lacks an adequate remedy at law. Roche's lost profits and good will as a result of O'Shea's wrongful actions are impossible to determine and of a character that cannot be remedied by money damages.

41.     O'Shea's actions are intentional, willful, and malicious and/or in bad faith.

42.     All conditions precedent, if any, relative to contract claims have been performed or have occurred.

## Count I
## Request for Injunctive and Other Relief

43. Roche adopts and incorporates Paragraphs 1-42 as though fully set forth herein.

44. Roche has a legitimate business interest in ensuring compliance with and justifying enforcement of the reasonable and agreed upon covenants contained in the Agreement.

45. O'Shea's conduct is in violation of her respective legal, contractual, and/or fiduciary duties to Roche.

46. Roche has suffered and will continue to suffer immediate and irreparable harm if O'Shea is not preliminarily and permanently enjoined.

47. Roche's business will suffer immediate harm is relief is denied. By contrast, no cognizable legal harm will accrue to O'Shea from the requested preliminary or permanent injunction because she has no legal right breach her legal, contractual, and/or fiduciary duties to Roche.

48. Injunctive relief is appropriate because protection and maintenance of Roche's legitimate interests, trade secrets, and intangible property is a vital and legitimate business concern. Furthermore, O'Shea's threatened, actual or inevitable use of Roche's trade secrets, confidential information and proprietary information for her own purposes or benefit will cause irreparable harm to Roche.

49. The public interest will not be harmed if an injunction is granted.

50. Roche is willing to post sufficient security to cover any costs or damages that might accrue to O'Shea if it later is determined a preliminary injunction was wrongfully entered.

However, no harm can result to O'Shea because O'Shea's actions in violation of her contractual obligations to Roche are all without legal basis. Therefore, the bond to be posted by Roche should be *de minimis*.

51. The Court should grant Roche's request for a prompt hearing on Roche's request for injunctive relief.

## Count II
## Breach of Contract

52. Roche adopts and incorporates Paragraphs 1-51 as though fully set forth herein.

53. The Agreement is a valid and binding contract.

54. As set forth above, O'Shea has breached the Agreement.

55. Roche has been damaged by O'Shea's actions.

56. By virtue of the Agreement, Roche is entitled to recover its attorney's fees incurred as a result of O'Shea's breach.

## Count III
## Misappropriation of Trade Secrets

57. Roche adopts and incorporates Paragraphs 1-56 as though fully set forth herein.

58. O'Shea has committed trade secret violations in contravention of the Uniform Trade Secrets Act, codified *inter alia* at Ark. Code Ann. § 4-75-601 *et seq.* and Ind. Code § 24-2-3-1.

59. Even if no actual trade secret violations have yet occurred, there is a threat of misappropriation of Roche's trade secrets and/or such violations are inevitable.

60. Upon information and belief, O'Shea's actions in this regard are willful, malicious, and/or in bad faith.

WHEREFORE, Roche respectfully requests the following relief against O'Shea as follows:

   a. Entry of a preliminary and permanent injunction requiring specific performance of the terms of the Agreement;

   b. Entry of a preliminary and permanent injunction prohibiting O'Shea from misappropriating trade secrets;

   c. Entry of a preliminary and permanent injunction prohibiting O'Shea from contacting and soliciting her former Roche customers and/or prospective customers for her own benefit or the benefit of Tapestry in violation of the Agreement;

   d. Entry of a preliminary and permanent injunction prohibiting O'Shea from competing with Roche for her own benefit or the benefit of Tapestry in violation of the Agreement;

   e. Application of the equitable tolling doctrine such that the non-compete provisions will be enforced and applied prospectively from the date of the Court's preliminary injunction enforcing those provisions such that Roche obtains the benefit of its contractual agreements with O'Shea, and as agreed to by O'Shea in the Agreement;

   f. Entry of judgment in favor of Roche and against O'Shea on all counts of Roche's Complaint;

   g. Entry of judgment requiring the return by O'Shea of any property belonging to Roche;

   h. Compensatory damages, punitive damages, divestiture of monies constituting unjust enrichment, costs, and attorney's fees; and,

   i. All other relief just and proper in the premises.

Respectfully submitted,

*[signature]*

Kenneth J. Yerkes (Atty No. 2084-49)
Hannesson I. Murphy (Atty No. 25993-49)
**BARNES & THORNBURG LLP**
11 South Meridian Street
Indianapolis, Indiana  46204
Telephone:     (317) 236-1313
Facsimile:      (317) 231-7433
E-Mail:          kyerkes@btlaw.com
                     hmurphy@btlaw.com

Attorneys for Plaintiff
Roche Diagnostics Corporation